UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATHANIEL SIMS,

                    Plaintiff,

        -against-

OPTIMUM TV; MICHELLE BAEZ; CON
EDISON,

                    Defendants.

22-CV-3750 (LTS)

ORDER OF DISMISSAL
AND TO SHOW CAUSE
UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. By order dated May 10, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction. The Court further directs Plaintiff to show cause within thirty days why he should not be barred from filing any further actions in this court IFP without first obtaining permission from this court to file his complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Nathaniel Sims, a resident of New Rochelle, New York, brings this action using the court's general form complaint. He checks the box on the form to invoke the court's federal question jurisdiction and, in response to the question asking which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes, "Cruel + unusual punishment 8th Due Process + Equal Protection 14th Amend. Sixth Amend. Right to trial notice of charges and hearing."[1] (ECF 2, at 2.) Plaintiff sues cable television provider Optimum TV ("Optimum"); Con Edison; and Michelle Baez, whom Plaintiff identifies as "LMSW Program Director" at St. Joseph's Hospital Clinic in Yonkers, New York. (*Id.* at 4.) He alleges that the events giving rise to his claims occurred "on the highway or telephone." (*Id.* at 5.)

Plaintiff alleges that Defendants,

conspired with each other to deprive Plaintiff of his paid TV services on or about April 26, 2022 TV services were terminated at the behest of Con Ed.

However both were since that time paid in full but the TV screen is still black and does not come on.

Moreover Optimum claim that they cannot find Plaintiff account. I had recent eye surgery and cannot see to well with a patch over my eye.

(*Id.* at 6.)

Plaintiff further alleges that Defendant Baez

said she takes offense because I accused her subordinate of stealing several bus pass addressed to Plaintiff and that opportunity of falsely accusing Plaintiff of selling drugs as grounds for a transfer although I bought a [illegible] for 50 on

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint.

> May 2, 2022, so she said she was transferring Plaintiff because the woman's a
> thief for several bus passes.

(*Id.*)

Plaintiff alleges that he "suffered unnecessary mental anguish" and that he has been

denied his rights to "due process + equal protection." (*Id.*)

Plaintiff seeks $20,000 in damages.

Plaintiff attaches to the complaint an unsigned order to show cause for a preliminary

injunction and temporary restraining order. (*See id.* at 11-12.) The attached document does not

state that Plaintiff is seeking any injunctive relief.

## DISCUSSION

### A.     Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

only when a "federal question" is presented or when plaintiff and defendant are citizens of

different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is

common ground that in our federal system of limited jurisdiction any party or the court *sua*

*sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v.*

*CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway*

*Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own

initiative . . . .").

B.      **Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff's constitutional claims arise under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Here, Plaintiff asserts that Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment and violated his rights to due process and equal protection under the Fourteenth Amendment, but the complaint fails to allege facts plausibly suggesting any viable constitutional claim. All Defendants are private parties who are not alleged to work for any state or other government body. Optimum is a private corporation. Con Edison, although a utility regulated by the state, is not a state actor for Section 1983 purposes. *See Jackson v.*

*Metropolitan Edison*, 419 U.S. 345, 349 (1974) (a state regulated utility with a governmentally protected monopoly is not considered a state actor absent a showing of "a sufficiently close nexus between the State and the challenged action of the regulated entity to say that the action of the utility may be fairly treated as that of the state itself."); *Taylor v. Consolidated Edison Co.*, 553 F.3d 39, 45 (2d Cir. 1977) (Con Edison not a state actor despite "extensive intervention" by New York State in the area of utility termination); *see also First Ebenezer Baptist Church v. Consolidated Edison Co.*, 974 F. Supp. 283, 292 (S.D.N.Y. 1997). Baez is employed by St. Joseph's Hospital, which is a private hospital. *See White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) (summary order) (private institutions, such as hospitals, generally do not act under color of state law). Because all Defendants are private parties who do not work for any state or other governmental body, Plaintiff cannot state a claim against them under Section 1983.

Even if Defendants could be considered state actors for purposes of Section 1983, Plaintiff's allegations that Optimum and Con Edison turned off his cable television service and that Baez transferred Plaintiff to another hospital clinic after accusing him of selling drugs and hurting her feelings do not suggest that any of the defendants violated Plaintiff's constitutional rights. Because the complaint fails to plausibly suggest a viable federal claim, the Court lacks federal question jurisdiction of his action.

## C.    Diversity Jurisdiction

Plaintiff may be attempting to assert claims under state law, but he does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). An individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has [her] true fixed home . . . and to which, whenever he is absent, he has

the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, diversity of citizenship is lacking as Plaintiff alleges that both he and Baez are citizens of New York.[2] Even if complete diversity of citizenship existed, Plaintiff seeks $20,000.00 in damages, and therefore does not allege that his claim satisfies the $75,000.00 jurisdictional amount. The Court therefore lacks diversity jurisdiction of his claims.

## D.    Leave to Amend is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The defects in Plaintiff's complaint – lack of a viable federal claim and lack of diversity jurisdiction – cannot be cured with an amendment. Because amendment would be futile, the Court declines to grant Plaintiff leave to amend his complaint.

---

[2] Plaintiff does not allege sufficient facts to establish the citizenship of Optimum and Con Edison. He provides a Philadelphia, Pennsylvania, PO Box for Optimum and a Houston, Texas, address for Con Edison, but he does not allege the state in which either corporation is incorporated or where either corporation's headquarters are located.

E.       **Litigation History and Order to Show Cause**

Plaintiff has a decades-long history of filing *pro se* actions in this Court that have been

dismissed as frivolous, for lack of subject matter jurisdiction, for failure to state a claim on which

relief may be granted, or because he has been barred from seeking a certain type of relief in this

court without leave of the court. *See, e.g.*, *Sims v. Rodriguez*, ECF 7:18-CV-0127, 4 (S.D.N.Y.

Jan. 31, 2018) (denying *habeas corpus* relief under 28 U.S.C. § 2254, dismissing claims under

Section 1983 for failure to state a claim due to lack of state action, and warning Plaintiff that

further frivolous or duplicative litigation will result in a bar order); *Sims v. Doe*, ECF 1:14-CV-

3986, 7 (S.D.N.Y. Feb. 17, 2015) (denying *habeas corpus* relief under Section 2254 for lack of

jurisdiction, and dismissing other claims for lack of subject matter jurisdiction and for failure to

state a claim), *appeal dismissed*, No. 15-500 (2d Cir. June 19, 2015); *Sims v. Fuchs*, No. 14-CV-

3124 (S.D.N.Y. May 13, 2014) (dismissing the complaint for lack of subject matter jurisdiction);

*Sims v. Asceri*, ECF 7:12-CV-1889, 17 (S.D.N.Y. June 6, 2012) (granting motion to dismiss the

complaint for lack of subject matter jurisdiction), *appeal dismissed*, No. 12-2389 (2d Cir. July

13, 2012); *Sims v. White Plains, N.Y. Police Dep't*, No. 10-CV-5968 (S.D.N.Y. Aug. 9, 2010)

(dismissing the complaint for failure to state a claim); *Sims v. Feldman*, No. 08-CV-5121

(S.D.N.Y. June 4, 2008) (dismissing the complaint for failure to state a claim); *Sims v. Wilhelm*,

No. 94-CV-3042 (S.D.N.Y. Apr. 25, 1994) (dismissing the complaint under the old 28 U.S.C.

§ 1915(d)); *Sims v. Zolango*, 481 F. Supp. 388 (S.D.N.Y. Oct. 17, 1979) (dismissing the action as

frivolous).

Furthermore, because of Plaintiff's repeated filing of frivolous and duplicative *habeas*

*corpus* petitions challenging his 1978 Westchester County conviction, Plaintiff was barred from

making any future filings "pertaining to" his 1978 state court conviction. *See Sims v. Barkley*,

No. 96-CV-5685 (S.D.N.Y. Apr. 20, 1998). Even after the court imposed a bar order, Plaintiff

has continued to file actions challenging the 1978 conviction. *See, e.g.*, *Sims v. Schneiderman*, ECF 1:13-CV-7200, 5 (S.D.N.Y. Nov. 4, 2013) (petition denied for failure to seek leave), *appeal dismissed*, No. 13-4502 (2d Cir. Apr. 3, 2014); *Sims v. N.Y. Atty. Gen. & Sex Offender Office*, ECF 1:15-CV-1658, 3 (S.D.N.Y. May 20, 2015) (petition denied as second or successive; declined to transfer to the Second Circuit).

The exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *See Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). In light of Plaintiff's litigation history, the Court finds that Plaintiff was, or should have been aware when he filed this case that it lacked merit. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

The Court orders Plaintiff to show cause by declaration why he should not be barred from filing any further actions in this court IFP without first obtaining permission from this court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Plaintiff shall submit to this Court within thirty days of the date of this order, a written declaration setting forth good cause why this injunction should not be imposed upon him by this Court. Should Plaintiff fail to submit a declaration within the time directed, or should Plaintiff's declaration fail to set forth good cause why this injunction should not be entered, he shall be barred from filing any further actions IFP in this court without first obtaining permission from this court to do so.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff's request for preliminary injunctive relief is denied as moot.

Plaintiff shall have thirty days to show cause by written declaration why an order should not be entered barring Plaintiff from filing any future action IFP in this court without prior permission. A declaration form is attached to this order, which Plaintiff should complete as specified.

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    May 31, 2022
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                     Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                          Signature
_____            _____

Name                                            Prison Identification # (if incarcerated)
_____            _____

Address                          City              State        Zip Code
_____            _____

Telephone Number (if available)      E-mail Address (if available)